| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | File No. 25CV010238-590 |

SHAUN CORBETT, Individually and on behalf of A.C., a Minor

    Plaintiffs,

v.

BRADFORD PREPARATORY SCHOOL, BRADFORD PREP FOUNDATION, INC., STEPHEN GAY, and CHRISTOPHER BANDY

    Defendants.

**COMPLAINT (INCLUDING DEMAND FOR JURY TRIAL)**

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Shaun Corbett, individually and on behalf of A.C., a minor, and file this Complaint for Damages against Defendants Bradford Preparatory School, Bradford Prep Foundation, inc., Stephen Gay, and Christopher Bandy respectfully showing the Court the following:

### INTRODUCTION

1. This is a civil action seeking recovery for the wrongful suspension of Plaintiff who on or about February 21, 2025, was suspended without justification or a hearing by Defendants Stephen Gay and Christopher Bandy who were acting on behalf of Defendant Bradford Preparatory School and/or Defendant Bradford Prep Foundation, Inc. This injury has caused the Plaintiff unjustifiable and irreparable harm.

1

## PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS

2. Plaintiff, Shaun Corbett, is a resident of Mecklenburg County, North Carolina, and is the parent and natural guardian of A.C. ▮, a minor. Plaintiff sues individually and on behalf of A.C. ▮.

3. Defendant Bradford Preparatory School. (hereinafter "Defendant School") is a North Carolina preparatory school with its principal place of business located at 10133 Legolas Lane in Charlotte, North Carolina, 28262 and may be served through its registered agent, Karin Drescher at the foregoing address or at 2502 Salome Church Road in Charlotte, North Carolina 28262.

4. Defendant Bradford Prep Foundation, Inc. (hereinafter "Defendant Foundation") is a North Carolina foundation that owns and/or operates Defendant School with its principal place of business located at 2502 Salome Church Road in Charlotte, North Carolina 28262 and may be served through its registered agent, Scott D. Campbell at the foregoing address.

5. Defendant Stephen Gay, the director of Defendant School, was at all times relevant to this action an employee and/or agent of Defendant School and/or Defendant Foundation, acting within the scope of his employment or agency. Upon information and belief Defendant Gay is a resident of Mecklenburg County.

6. Defendant Christopher Bandy, the Dean of Students grades 9-12 of Defendant School, was at all times relevant to this action an employee and/or agent of Defendant School and/or Defendant Foundation, acting within the scope of his employment or agency. Upon information and belief Defendant Bandy is a resident of Mecklenburg County

7. Venue is proper in this Court under N.C. Gen. Stat. §§ 1-79, 1-80, and 1-82, as the events giving rise to this lawsuit occurred in Mecklenburg County, and Defendants transact business in this County.

8. Jurisdiction and venue are not proper in any United States District Court because complete diversity of citizenship is lacking and, and the Plaintiff's claims arise under North Carolina law with no federal questions presented. Therefore, this matter is not removable, and the Plaintiff will seek sanctions for any such improper removal. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants are a citizen of the State in which such action is brought." (emphasis added).

## FACTUAL ALLEGATIONS

9. Plaintiff was enrolled as a student at Defendant School at all relevant times.

10. On or about February 21, 2025, Plaintiff was suspended from Bradford Preparatory School for a period of ten (10) days by Defendant Christopher Bandy and/or Defendant Stephen Gay.

11. The suspension was issued based on an allegation that Plaintiff asked another student to harm a third student.

12. There is no evidence which substantiates this claim:

   a. The alleged target of the supposed misconduct was never harmed, and

   b. The student who was allegedly asked to cause harm has explicitly denied any communication with the Plaintiff regarding this matter.

13. The suspension was imposed by Defendants Bandy and/or Gay without sufficient evidence and without affording Plaintiff a fair opportunity to contest the allegations.

14. As a result of the suspension, Plaintiff suffered significant harm:

   a. Educational harm, including missed instructional time, falling behind in coursework, and damage to academic reputation, and

b. Emotional distress, including anxiety, embarrassment, and mental anguish caused by the stigma of the suspension.

## LEGAL CLAIMS

### COUNT I: BEACH OF CONTRACT
### (AGAINST ALL DEFENDANTS)

15. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

16. A valid and enforceable contract existed between Plaintiff and Defendant School, which included the school's policies and procedures governing disciplinary actions and due process rights.

17. Defendants Bandy and Gay, acting on behalf of Defendant School and/or Defendant Foundation, breached this contract by suspending Plaintiff without adequate evidence and failing to provide Plaintiff with a fair opportunity to contest the allegations, as required under the school's disciplinary procedures.

18. The suspension was based on false or unsubstantiated claims:

a. The allegation that Plaintiff encouraged harm to another student was not supported by credible evidence.

b. The alleged target was never harmed.

c. The other student involved denies any relevant communication with Plaintiff.

19. As a direct result of Defendants' breach of contract, Plaintiff suffered educational and emotional harm:

a. Plaintiff experienced academic setbacks, including missed assignments and diminished standing with faculty and peers, and

b. Plaintiff endured emotional distress, including feelings of isolation, anxiety, and humiliation.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(AGAINST ALL DEFENDANTS)

20. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

21. Defendants Bandy and Gay engaged in conduct that was extreme and outrageous by imposing a suspension on Plaintiff based on baseless allegations of serious misconduct, specifically an accusation of encouraging harm to another student—a claim that carries severe social and academic stigma.

22. Defendants' actions were not only unsupported by credible evidence but also disregarded clear exculpatory facts, including:

   a. The lack of any harm to the alleged target,

   b. The explicit denial from the alleged intermediary that any such request from Plaintiff was ever made, and

   c. The absence of any corroborating witnesses or physical evidence.

23. Despite these clear indicators of Plaintiff's innocence, Defendants proceeded with the suspension without affording Plaintiff the opportunity to address or refute the accusations through a fair hearing or investigation process.

24. Defendants' actions were carried out with knowledge of the likelihood that such a severe disciplinary action—particularly when involving allegations of violence—would cause significant emotional harm to Plaintiff, or with reckless disregard of the high probability that such harm would result.

25. As a direct result of Defendants' extreme and outrageous conduct, Plaintiff suffered severe emotional distress, including but not limited to:

  a. Persistent anxiety and fear of being labeled as violent by peers and faculty,

  b. Embarrassment and humiliation due to the public nature of the allegations and suspension,

  c. Mental anguish resulting from feelings of isolation and diminished reputation within the school community, and

  d. Ongoing psychological distress affecting academic performance and personal well-being.

## COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(AGAINST ALL DEFENDANTS)

26. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

27. Defendants Bandy and Gay, acting within the scope of their roles as administrators at Defendant School, owed Plaintiff a duty of care to ensure that all disciplinary actions were based on a thorough, fair, and impartial investigation, conducted in accordance with established policies and procedures.

28. This duty of care required Defendants to:

  a. Conduct a comprehensive investigation of the allegations before imposing disciplinary action,

  b. Provide Plaintiff with notice of the allegations and an opportunity to present evidence in their defense, and

  c. Ensure that any disciplinary action taken was supported by credible, substantiated evidence.

29. Defendants breached this duty by failing to:

    a. Properly investigate the accusations,

    b. Consider available evidence that directly contradicted the allegations, including the denial from the student who was allegedly asked to cause harm, and

    c. Offer Plaintiff a fair hearing or opportunity to contest the claims prior to imposing the suspension.

30. Defendants' negligent actions foreseeably caused Plaintiff to suffer severe emotional distress, including:

    a. Anxiety and fear stemming from the unjust disciplinary action,

    b. Embarrassment and reputational harm within the school community,

    c. Feelings of helplessness and isolation due to the lack of due process, and

    d. Mental anguish that negatively impacted Plaintiff's academic performance and emotional well-being.

### COUNT IV: VIOLATION OF CONSTITUTIONAL RIGHTS
### (AGAINST ALL DEFENDANTS)

26. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

27. Plaintiff has a constitutionally protected interest in receiving education under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and applicable state law.

28. Defendants, acting under color of state law, deprived Plaintiff of this interest by imposing a ten (10) day suspension without sufficient justification or evidence of misconduct.

29. Defendants failed to provide Plaintiff with the required procedural protections, including timely notice of the allegations and a meaningful opportunity to be heard before the suspension was imposed.

30. As a direct result of Defendants' actions, Plaintiff suffered irreparable harm including but not limited to educational harm, including missed instructional time and diminished academic opportunities, as well as emotional distress, and reputational damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Order the reinstatement of Plaintiff to their previous standing at Bradford Preparatory School,

    b. Direct the expungement of the suspension from Plaintiff's academic record,

    c. Award compensatory damages for educational and emotional harm suffered by Plaintiff,

    d. Award Plaintiff reasonable attorney's fees and costs associated with bringing this action,

    e. Grant such other and further relief as the Court deems just and proper; and

    f. A jury trial on all issues triable.

This 25 day of February, 2025.

The Law Offices of William H. Harding

_____
William H. Harding
NC Bar No. 40623
9115 Harris Corners Parkway, Suite 220
Charlotte, North Carolina 28269
Phone: (704) 509-3090
Fax: (704) 919-5620
Email: bill@williamhharding.com
*Attorney for Plaintiff*